IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cr-20128-SHL |
| ) | |
| MARKEL STRONG, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DECLARE THE ARMED CAREER CRIMINAL ACT INAPPLICABLE**

Defendant Markel Strong seeks an order declaring the Armed Career Criminal Act inapplicable in this matter. (ECF No. 63.) He argues that his prior conviction for burglarizing a storage shed in violation of Tennessee Code Annotated section 39-14-402(a)(1) does not qualify as a predicate offense under the ACCA. (See generally id.) The Government asserts that both the Sixth Circuit and this District have routinely held that a conviction under this subsection falls within the ACCA's ambit. (ECF No. 66 at PageID 230.) Because binding precedent supports the Government's position, Strong's motion is **DENIED**.

**BACKGROUND**

On July 25, 2024, a Grand Jury in the Western District of Tennessee indicted Strong on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (ECF No. 2 at PageID 3–4.) Strong allegedly possessed a Glock 9mm pistol on December 21, 2021, and January 19, 2022. (Id.) If a jury convicts him of either charge under § 922(g), he may be subject to a mandatory minimum fifteen years' imprisonment under the ACCA if he has at least three qualifying prior felony convictions. See 18 U.S.C. § 924(e).

Strong admits that he has three prior felony convictions—in 2018, he was convicted of two counts of aggravated assault and one count of burglary. (ECF No. 63 at PageID 205.) For purposes of the present motion, Strong does not contest that his two aggravated assault convictions are ACCA predicates. (ECF No. 63 at PageID 205.) But he argues that his burglary conviction should not qualify as a predicate offense as a matter of law. (Id.)

Strong was charged and convicted of burglary under Tennessee Code Annotated section 39-14-402 for unlawfully and knowingly entering a building with the intent to commit theft. (Id.) Detective L. White indicated that Strong snuck into James Conley's backyard, entered his storage shed, and stole a weed eater valued at $200. (ECF No. 63-2 at PageID 222.) After Conley identified Strong as the man who entered the shed, Strong pled guilty to burglary of a building. (ECF No. 66 at PageID 226.) He now argues that this burglary conviction is not a violent felony as defined by the ACCA. But the Sixth Circuit has repeatedly held that it is.

## ANALYSIS

Congress enacted the ACCA to "supplement the States' law enforcement efforts against 'career' criminals." Taylor v. United States, 495 U.S. 575, 581 (1990). Congress found that a "'large percentage' of crimes of theft and violence 'are committed by a very small percentage of repeat offenders,' and that robbery and burglary are the crimes most frequently" repeated. Id. (quoting H.R. Rep. No. 98-1073, at 1, 3 (1984)). To deter these repeat offenders, the ACCA imposes a mandatory minimum sentence of fifteen years' imprisonment for a violation of § 922(g) when an offender has at least three prior violent felony convictions. 18 U.S.C. § 924(e).

The ACCA defines violent felonies as certain enumerated offenses like "burglary, arson, or extortion." § 924(e)(2)(B)(ii). While "burglary is sometimes viewed as a non-violent crime, its character can change rapidly" depending on whether the property owner is present. Taylor,

495 U.S. at 581 (quoting S. Rep. No. 98-190, at 5 (1983)).  Thus, Congress included burglary as a violent felony because of its inherent potential for violent confrontation, regardless of the specific facts underlying each case.  Id. at 588; see also United States v. Stitt, 586 U.S. 27, 31–32 (2018) (stating that the ACCA requires the court "to evaluate a prior state conviction 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion'" (quoting Begay v. United States, 553 U.S. 137, 141 (2008))).  Indeed, there has never been "any proposal to limit the predicate offense to some special subclass of burglaries that might be especially dangerous, such as those where the offender is armed, or the building is occupied, or the crime occurs at night."  Id.

To determine whether a state burglary conviction qualifies as a violent felony under the ACCA, a court must compare the elements of the state statute with the elements of "the offense as commonly understood."  United States v. Priddy, 808 F.3d 676, 683 (6th Cir. 2015) (quoting Descamps v. United States, 570 U.S. 254, 254 (2013)), abrogated on other grounds by United States v. Stitt, 860 F.3d 854 (6th Cir. 2017) (en banc).  A prior burglary conviction only qualifies as an ACCA predicate "if the statute's elements are the same as, or narrower than, those of the generic offense."  Id. (quoting Descamps, 570 U.S. at 254).  If the state statute lays out multiple ways to commit the crime, then the court must consult the indictment or the jury instructions to determine the precise subsection underlying the defendant's conviction.  Id. (citing Descamps, 570 U.S. at 254).

At the time Strong entered the storage shed in 2016,[1] Tennessee law defined burglary in four different ways.  See United States v. Brown, 957 F.3d 679, 682 (6th Cir. 2020) (citing Tenn.

---

[1] The Tennessee General Assembly repealed this version of the burglary statute on July 1, 2021. 2021 Pub. Acts, c. 545, § 3.  Tennessee's current burglary statute is codified at Tennessee Code Annotated section 39-13-1002.

Code Ann. § 39-14-402(a)(1)–(4)).  Under that statute, a person commits burglary when he, "without the effective consent of the property owner," either:

> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Id.

The parties agree that Strong pled guilty to burglary under subsection (1).  (See ECF No. 63 at PageID 209 ("Thus, it would appear that he was indicted under T.C.A. 39-14-402(a)(1)."); ECF No. 66 at PageID 231 ("Here, the defendant's indictment makes clear that he was charged pursuant to T.C.A. § 39-14-402(a)(1).").)  Indeed, the charging language in the indictment mirrors the language in subsection (1).  (See ECF No. 63-1 at PageID 219 (stating that Markel Strong "did unlawfully and knowingly enter a building other than a habitation of J. Conley, not open to the public, without the effective consent of said J. Conley, with intent to commit theft").) See also United States v. Hibbit, 514 F. App'x 594, 598 (6th Cir. 2013) (stating that a court can determine which subsection underlies a defendant's conviction based on whether the language in the indictment tracks the statutory language of a particular subsection).  Thus, Strong's burglary conviction under subsection (1) qualifies as an ACCA predicate offense so long as the elements of that subsection are the same as or narrower than the elements of a "'generic' definition of burglary that the Supreme Court adopted."  See United States v. Brown, 957 F.3d 679, 682 (6th Cir. 2020) (citing Stitt, 586 U.S. at 32–33).  The Court finds that they are.

The generic elements of burglary include (1) "an unlawful or unprivileged entry into, or

remaining in," (2) "a building or other structure," (3) "with intent to commit a crime." Id. (quoting Stitt, 586 U.S. at 33). Burglary under subsection (1) of Tennessee's statute "substantially corresponds" to the generic definition—it involves the entry into a building without the consent of the owner with the intent to commit theft or assault. Priddy, 808 F.3d at 684–85. Indeed, subsection (1) is even narrower than the generic definition because it specifies three types of applicable specific intent crimes—felony, theft, or assault—while the generic definition includes any crime.

Because subsection (1) substantially corresponds to the generic definition of burglary, the Sixth Circuit has remained steadfast in its holding that these kinds of burglary convictions are violent felonies under the ACCA. Priddy, 808 F.3d at 684 (holding that a conviction under Tennessee Code Annotated section 39-14-402(a)(1) qualifies as a violent felony under the ACCA); United States v. Ferguson, 868 F.3d 514, 515 (6th Cir. 2017) (affirming Priddy); Brumbach v. United States, 929 F.3d 791, 794 (6th Cir. 2019) (affirming Ferguson); Brown, 957 F.3d at 689 (affirming Brumbach and recognizing that the court has "previously rejected other attempts to bring new arguments challenging those prior holdings"). And the Western District of Tennessee has stayed the course. Patterson v. United States, No. 1:15-cv-01300, 2019 WL 472257, at *3 (W.D. Tenn. Feb. 6, 2019) (applying Priddy to hold that a conviction under subsection (1) qualifies as a violent felony under the ACCA); Curruthers v. United States, No. 09-20439, 2020 WL 3913581, at *13 (W.D. Tenn. July 10, 2020) (applying Priddy to reach the same conclusion); Crews v. United States, No. 15-1271, 2019 WL 3364559, at *2 (W.D. Tenn. July 25, 2019) (applying Priddy to reach the same conclusion).

Strong does not present a persuasive reason to veer from such a well-trodden path. Although he cites Priddy in his brief (see, e.g., ECF No. 63 at PageID 207, 208), he never

5

engages with the court's substantive holding—in fact, he never acknowledges that the Sixth Circuit has already decided this issue multiple times. Instead, he argues that his burglary conviction did not involve the use of violent force so it cannot qualify as a violent felony. (Id. at PageID 209.) But it does not have to involve the use of force to qualify as a violent felony under the ACCA's enumerated offense clause—the violence is inherent in the crime itself, regardless of the facts underlying the conviction. Indeed, the facts themselves are not relevant here, where the only question is whether the elements of Strong's burglary conviction track the elements of the generic burglary offense. See Begay v. United States, 553 U.S. 137, 141 (2008) ("In determining whether this crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.").

Strong continues to argue in direct opposition to Sixth Circuit precedent—he asserts that his conviction under subsection (1) should not qualify as a violent felony because an entirely different subsection of the Tennessee burglary statute can be committed based on reckless conduct instead of intentional conduct. (ECF No. 63 at PageID 210–11 (citing Tenn. Code Ann. § 39-14-402(a)(3)).) But Strong's conviction is not based on the subsection he challenges—it is based on subsection (1), which contains the intent requirement that he claims subsection (3) lacks. See Brown, 957 F.3d at 689–90 (rejecting the same argument because the defendant "was indicted for and convicted of violating the (a)(1) version, not the (a)(3) version" of burglary under Tennessee law). Strong does not explain why the reasoning in Brown should not apply here—he does not cite its holding at all.

Ultimately, Strong takes issue with the idea that entering a storage shed to steal a weed eater could be the final domino in a chain of events that subjects him to a mandatory minimum of

6

fifteen years' imprisonment. While the Court is sympathetic to his predicament, it cannot rewrite the law. Rather, it can only apply it, and the law is clear here. Strong's burglary conviction qualifies as a violent felony under the ACCA.

## **CONLUSION**

Because Strong's burglary conviction under Tennessee Code Annotated section 39-14-402(a)(1) substantially correlates to the generic definition of burglary as adopted by the Supreme Court, it qualifies as a predicate offense under the ACCA. Thus, his motion to find the ACCA inapplicable is **DENIED**. If the jury convicts him of violating § 922(g), the trial will proceed to the ACCA phase to determine whether his three prior convictions were committed on separate occasions.

**IT IS SO ORDERED,** this 5th day of May, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
